# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KATHY BELL,[1]

    Plaintiff,

v.

Case No.: 8:17-cv-2001-T-27AAS

RICHARD MALLIN, DALLIA B. MALLIN, and AIR AND MORE SERVICES, INC.,

    Defendants.
_____/

## ORDER

Kathy Bell seeks an order directing Richard Mallin, Dallia Mallin, and Air and More Services, Inc., to respond to Ms. Bell's requests for production, requests for admissions, and interrogatories. (Doc. 16). In response, the defendants seek additional time. (Doc. 20).

**I.    BACKGROUND**

Ms. Bell brings this action for claims arising under 42 U.S.C. § 12181, *et seq.*, based upon the defendants' alleged failure to remove physical barriers to access and violations of Title III of the Americans with Disabilities Act ("ADA"). (Doc. 1). On March 5, 2018, Ms. Bell served the defendants with her First Set of Interrogatories, First Requests for Production, and First Requests for Admissions. (Doc. 16-1). Almost four months later, the defendants have not responded. (Docs. 16, 20).

---

[1] The plaintiff changed her legal name from Kathy Soriano to Kathy Bell. (Doc. 19). The court amended the case caption to reflect this change. (Doc. 21).

1

Ms. Bell requests the following relief: (1) an order for the defendants to respond to the discovery requests within five days; (2) a finding that the defendants have waived all objections to Ms. Bell's interrogatories and requests for production; (3) a finding that Ms. Bell's requests for admissions are deemed admitted; (4) reimbursement of Ms. Bell's attorney's fees and costs; and (5) an extension of the September 13, 2018 discovery deadline, if necessary. (Doc. 16, pp. 2-3). In response, the defendants request an additional fourteen days to respond to the discovery requests, but do not provide any argument as to Ms. Bell's remaining requests. (Doc. 20).

## II. ANALYSIS

### A. Motion to Compel Discovery Responses

#### 1. Interrogatories and Requests for Production

Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"[A]ny party may serve upon any other party written interrogatories ... to be

2

answered by the party served...." Fed. R. Civ. P. 33(a). The answers and objections, if any, must be served "within 30 days after the service of the interrogatories." Fed. R. Civ. P. 33(b)(2). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Indeed, as set forth in Paragraph IV.B.1. of the Middle District Discovery Manual, "[a]bsent compelling circumstances, failure to assert objections to an interrogatory within the time period for answers constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel."

Similarly, "[a]ny party may serve on any other party a request ... to produce and permit the requesting party ... to inspect, copy, test, or sample" designated items that are within the scope of Rule 26(b) and which are "in the responding parties' possession, custody, or control." Fed. R. Civ. P. 34(a). The opposing party must then serve a written response within thirty days. Fed. R. Civ. P. 34(b)(2)(A). As set forth in Paragraph III.A.6. of the Middle District Discovery Manual, "Absent compelling circumstances, failure to assert objections to a request for production within the time period for a response constitutes a waiver of grounds for objection, and will preclude a party from asserting the objection in a response to a motion to compel."

"[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008). The defendants have not presented compelling circumstances that would make the waiver of objections unjustified. *See Bernath v. Seavey*, No. 2:15-CV-

358-FTM-99CM, 2016 WL 7013873, at *5 (M.D. Fla. Dec. 1, 2016); *see also Guerra v. Se. Freight Lines, Inc.*, No. 13-22070-CIV, 2014 WL 6770175, at *2 (S.D. Fla. Dec. 1, 2014) ("Guerra did not file a timely objection to SEFL's interrogatories and did not claim that any of the discovery infringed upon privileged information. Guerra has failed to provide any responses. Therefore, any and all objections to SEFL's discovery requests are now waived."). Indeed, the defendants provided no argument, other than to note the number of the discovery requests, as to why they have not provided responses for nearly four months or moved for an extension. (*See* Doc. 20). Because the defendants failed to timely respond or object to Ms. Bell's First Set of Interrogatories and First Requests for Productions in the time prescribed by the rules, they have waived all objections except for privilege or legal protections. *See Perry v. Modern Hometech, Inc.*, No. 6:07-CV-1755-ORL-19KRS, 2009 WL 1140121, at *1 (M.D. Fla. Apr. 28, 2009).

The defendants' responses to Ms. Bell's First Set of Interrogatories and First Requests for Production are due by **June 28, 2018** (five business days from today). All objections except privilege or legal protections, are waived.

### 2. Requests for Admissions

If the receiving party fails to respond to requests for admission within thirty days, any matters properly included in the requests are deemed admitted. Fed. R. Civ. P. 36(a)(3). The rule requires neither further action by the requesting party or court intervention; instead, matters properly requested to be admitted are automatically deemed admitted. *Id.*; *see also Schwartz v. NCL (Bahamas), Ltd.*, No.

08-23092-civ-Jordan/McAiley, 2009 WL 10666990, at *1 (S.D. Fla. Aug. 17, 2009) (stating that, when a receiving party fails to respond to requests for admission, a motion to deem items admitted is unnecessary because the items are automatically deemed admitted). A matter admitted under Rule 36 is conclusively established unless the court permits a party to withdraw or amend the admission. Fed. R. Civ. P. 36(b).

Here, the defendants failed to respond to Ms. Bell's requests for admission within thirty days. Therefore, valid requests are automatically deemed admitted under the plain language of Rule 36. *See Green v. Costco Wholesale Corp.*, No. 8:17-CV-1428-T-27AAS, 2018 WL 1899031, at *1 (M.D. Fla. Apr. 20, 2018).

However, only those requests for admissions that are within the scope of Rule 26(b)(1) are valid and deemed admitted. That is, a party may only be asked to admit, for purposes of the pending action only, the truth of the matters within the scope and limits of discovery and relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). In addition, under Rule 36(b), the court may permit a party to withdraw or amend its admissions if doing so would promote a presentation of the merits of the case and no prejudice exists with respect to the opposing party.[2] Fed. R. Civ. P. 36(b).

---

[2] In considering a motion to withdraw or amend admissions, the court applies a two-part test. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988)). Specifically, the court first considers whether the withdrawal or amendment will subserve the presentation of the merits. *Id.* It must then determine whether the withdrawal or

In light of the foregoing, Ms. Bell's First Requests for Admissions made in compliance with Fed. R. Civ. P. 36(a)(1), are automatically deemed admitted.

B. **Motion for Attorney's Fees**

Rule 37(a)(5)(A) provides that if a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in bringing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). When a party makes a claim for fees, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Here, the defendants have not specifically objected to the request for attorney's fees or offered any argument as to why the imposition of fees would not be justified. (*See* Doc. 20). Nonetheless, Ms. Bell has not provided any documentation as to the reasonable amount of time expended or a requested hourly rate. Therefore, Ms. Bell's request for attorney's fees is denied without prejudice. Ms. Bell may renew her motion for attorney's fees and include the missing information.

C. **Motion to Extend Discovery Deadline**

Ms. Bell seeks an extension of the discovery deadline "if necessary." The discovery deadline is September 13, 2018—almost three months away. (Doc. 13).

---

amendment will prejudice the party who obtained the admission in presenting its case. *Id.*

6

Thus, Ms. Bell's premature, conditional request to extend the deadline is denied without prejudice.

**III. CONCLUSION**

Accordingly, it is **ORDERED** that Ms. Bell's Motion to Compel Defendants Responses to Interrogatories, Request for Production, and Request for Admissions (Doc. 16) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1)     Ms. Bell's motion to compel full and complete discovery responses is **GRANTED**. The defendants' responses to Ms. Bell's First Set of Interrogatories and First Requests for Production are due by **June 28, 2018**. All objections to Ms. Bell's interrogatories and requests for production are waived, except privilege or legal protections. Ms. Bell's First Requests for Admissions made in compliance with Fed. R. Civ. P. 36(a)(1) are deemed admitted.

(2)     Ms. Bell's request for attorney's fees is **DENIED without prejudice.**

(3)     Ms. Bell's request to extend the discovery deadline is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida on this 21st day of June, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge