UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY BELL,[1]

    Plaintiff,

v.                                  Case No. 8:17-cv-2001-T-27AAS

RICHARD MALLIN, DALLIA B.
MALLIN, and AIR AND MORE
SERVICES, INC.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Amended Verified Application for Attorneys' Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law Against Defendants (Dkt. 31). Defendants have filed objections to the Motion (Dkt. 34). Upon consideration, Plaintiff's Motion (Dkt. 31) is **GRANTED** *in part*.

Plaintiff brought this action against Defendants pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181. On October 26, 2019, an Order (Dkt. 28) was issued approving the parties' unopposed Consent Decree (Dkt. 28-1). In the Decree, Plaintiff was classified as the prevailing party and jurisdiction was retained to determine any entitlement to attorneys' fees. (Id.). Plaintiff now requests reasonable attorneys' fees in the amount of $8,715.00, litigation expenses and costs in the amount of $620.10, and ADA consultant fees in the amount of $2,800.00.

---

[1] The Plaintiff changed her legal name from Kathy Soriano to Kathy Bell. (Dkt. 19). The Court amended the case caption to reflect this change. (Dkt. 21).

1

Defendants do not contest Plaintiff's entitlement to fees generally, but rather to the specific amounts requested.

## AMOUNT OF ATTORNEYS' FEES AND COSTS

### A. The Lodestar Method

The ADA provides courts with the discretion to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The starting point in determining a reasonable award of attorney's fees is calculating the "lodestar," which is the number of hours reasonable expended multiplied by a reasonable hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Dial HD, Inc. v. ClearOne Commc'ns., Inc.*, F. App'x 927, 930 (11th Cir. 2013). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

*i. Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437 (internal quotes omitted); *Ceres Environ. Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 202 (11th Cir. 2012). In determining the reasonableness of the hourly rate, the court may consider the twelve Johnson

factors.[2] *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The court may also consider its own knowledge and experience in its determination of a reasonable fee. *Norman*, 836 F.2d at 1303.

Plaintiff submits the unsworn declaration of his attorney Todd W. Shulby (Dkt. 31-3) and counsel's statement of attorneys' fees to support his fee request. (Dkt. 31-1). Counsel states in his declaration that he is seeking a reasonable hourly rate of $350 per hour. He points to several Title III cases where attorneys have been awarded $300 to $420 per hour as a reasonable hourly rate, including two from this District where Shulby was awarded an hourly rate of $350. Defendants object and suggest a rate of $275 per hour. (Dkt. 34 at p. 5).

After review, it appears that Shulby has over twenty-years experience in civil rights litigation, has conducted over fifteen trials in federal court, and has litigated hundreds of Title III ADA cases. Notwithstanding, the subject matter involved in this action was neither novel nor difficult. Shulby has filed dozens of similar barriers to access cases throughout this district involving the same statutory provisions and legal principles. When considering the Johnson factors and my knowledge of the prevailing market rate in Tampa for ADA litigators with comparable experience and skill, an hourly rate of $350 is reasonable. *See Norman*, 836 F.2d at 1303 (the court is itself an expert).

*ii. Number of Hours Reasonably Expended*

The next step is to determine the hours reasonably expended, which excludes "excessive, redundant or otherwise unnecessary" hours. *Id.* at 1301. The court may conduct an hour-by-hour

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

3

analysis of the fees requested to evaluate the reasonableness of the hours expended or, if appropriate, apply an across-the-board reduction. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

In this case, Plaintiff submits 24.9 hours as the reasonable number of hours expended. (Dkt. 31 at p. 10.) Plaintiff's counsel's statement of attorneys' fees (Dkt. 31-1) contains the breakdown of these hours with descriptions of the work performed. Defendants object to six categories of hours expended: (1) time spent researching prior lawsuits; (2) time spent preparing the Complaint; (3) time spent reading letters from the process server; (4) time spent scheduling a case management conference; (5) time spent scheduling and then cancelling mediation; and (6) time spent related to discovery. (Dkt. 34 at p. 6(a)-(f)). Based on these contentions, Defendants request the number of hours claimed be reduced to 12.4. (Id. at p. 1).

Upon a review of the contested categories (1)-(5), I find that certain entries are excessive, redundant and unnecessary and therefore will be reduced by 1 hour. In two separate entries, Plaintiff's counsel billed for time spent researching prior lawsuits, totaling .6 hours. This was unnecessary and redundant and .3 hours will be deducted. Additionally, counsel's entry of reviewing the summons and complaint after it had already been filed is unnecessary and therefore the Court will deduct .2 hours. The entries for September 5, 2017 and September 18, 2017, regarding the review of correspondence from the process server, totaling .3 hours, unnecessary, excessive and redundant and therefore .2 hours will be deducted. The entries for October 16, 2017 and October 23, 2017, regarding the exchange of correspondence re: Case Management Report are excessive and will be reduced to .1 hours. As for the February 22, 2018 and February 23, 2018 entries regarding mediation, I find that .4 hours exchanging and reviewing correspondence to be unnecessary and

4

therefore .2 hours will be deducted.

As for contested category (6), time spent related to discovery, Defendants generally object to all hours expended and billed by Plaintiff's counsel. This argument is not well taken. "Those opposing fee applications have obligations, too. In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded **must be specific** and 'reasonably precise.'" *Barnes*, 168 F.3d at 428 (citations omitted) (emphasis added). Defendants' objection relating to discovery is not "specific" nor "reasonably precise." *See id.* Defendants' opposition fails to identify the entries that are contested, which in effect is asking the Court to go line by line to determine the entries related to discovery and arbitrarily deduct some or all of them from the total hours expended. Because Defendants have not met their obligation, no reduction will be applied.

Having reviewed the time sheets and reducing the total hours expended by 1 hour, Plaintiff's counsel reasonably incurred and will be awarded $8,365.00 in attorney's fees (23.9 hours at $350 per hour).

### B. ADA Consultant Fees

Plaintiff seeks $2,800.00 in expert fees and costs for services rendered by David Pedraza, an expert witness with the ADA Compliance Team, Inc. This amount encompasses 14 hours of work billed at a rate of $200 per hour. In support of her request for fees, Plaintiff submits the unsworn declaration of Mr. Pedraza along with a one-page itemized log of the hours he billed. Defendants object to both the hourly rate and total hours expended by Plaintiff's expert. For the reasons discussed, Mr. Pedraza's fee will be reduced.

Generally, an expert may assist a party to a Title III ADA action by providing a site

inspection, an evaluation of ADA non-compliance, a recommendation of any necessary remedial measures and a report providing the expert's opinion. Despite this important work, however, the requested hourly rate of $200 is high. Upon a review of hourly rates in this District awarding ADA consultants their fees, an hourly rate of $150 per hour is reasonable. *See Soriano v. C&N Mgmt., Inc.*, No. 8:16-CV-1351-T-30AEP, 2017 WL 2215674, at *3 (M.D. Fla. May 19, 2017).

Defendants next contest the amount of reasonable hours expended by Plaintiff's expert. According to the Defendants, Mr. Pedraza's number of hours billed should be reduced from 14 hours to 2.2 hours due to the lack of detail both in Mr. Pedraza's invoice and his investigative report. Upon a review of the record, I find the number of hours billed by Mr. Pedraza to be unreasonably high and the description of detail for each task to be unreasonably low. Accordingly, the Court will award fees for 3.2 of the 14 hours billed, as described below:

1. Travel: Mr. Pedraza billed 1 hour traveling from Fort Lauderdale to Tampa. Defendant generally objects to this task. Notwithstanding the objection, 1 hour will be awarded for this time.

2. On-site verification of ADAAG violations: Mr. Pedraza billed .5 hours on this task. Defendants do not object and therefore .5 hours will be awarded.

3. Download, organize, edit and review images: Mr. Pedraza billed 1 hour on this task. Defendants object to this billable time because the photographs "were never disclosed." Additionally, Plaintiff's expert fails to provide any detail related to these "images." There will be no award of fees for this time.

4. Online research of property information: Mr. Pedraza billed 1 hour on this task. However, Mr. Shulby also billed time for researching the property. (Dkt. 31-1, p. 1). Defendants will not be billed twice for this research.

5. <u>Depict Violations as per photographs to incorporate into investigator report</u>: Mr. Pedraza billed 4.25 hours for this task. Again, Defendants object to this time because the photographs were never disclosed nor referenced in his investigative report. Indeed, Mr. Pedraza's investigative report (Dkt. 34-2) fails to provide specific detail as to what this task comprised of and therefore the Court will not award fees for this time.

6. <u>Research in conjunction with ADA Violations and preparation of Investigative report</u>: Mr. Pedraza billed 5.25 hours on this task. However, it is unclear how much time he devoted to research and how much time he spent on the investigative report. Defendants suggest that Mr. Pedraza be given 1.5 billable hours toward this task. Upon review of the 3-page investigative report, I find that 1.5 hours is reasonable for the pre-suit investigation and report to have been drafted.

7. <u>Review of complete file to send to attorney</u>: Mr. Pedraza billed 1 hour on this task. Defendants suggest that .2 hours is an appropriate amount of time. Because Plaintiff has failed to provide a more specific breakdown of these tasks, I agree that .2 hours is reasonable.

Accordingly, Mr. Pedraza will be awarded $480.00 in fees (3.2 hours at $150 per hour).

**C. Taxable Costs**

The ADA allows for the discretionary award of reasonable litigation expenses and costs to prevailing parties. *See* 42 U.S.C. § 12205. Here, Plaintiff seeks litigation costs in the amount of $620.10, which includes the filing fee ($400.00), fees for service of process ($200.00), and fees for priority mail postage to opposing counsel ($20.10). (Dkt. 31-1, p. 8). Defendants do not object to the filing fee,[3] but rather to the fees for service of process and the fees for priority mail postage.

As to the costs associated with service of process, Plaintiff submits the invoices for service

---

[3] The cost for the filing fee is taxable pursuant to 28 U.S.C. § 1920.

of process on all three Defendants. (Dkt. 34-1, pp. 11-13). Plaintiff's provider charged a flat rate of $50.00 per service, totaling $200.00 in costs.[4] Defendants contend that this request is unreasonable because Plaintiff's counsel should have requested that Defendants waive service of process under Rule 4 of the Federal Rules of Civil Procedure. In support of this contention, Defendants ask this Court to "take judicial notice that it is customary to provide a waiver of service form to reduce costs and that choosing not to do so does increase costs, including use of a professional process server." (Dkt. 34, pp. 11-12).

It is well-known in this Circuit that costs associated with service of process may be taxed under Section 1920(1). *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014). The question typically asked is whether the cost exceeds the fees authorized by Section 1921. *See id.* at 812 ("Fees for private process servers may be taxed under section 1920(1) so long as they do not exceed the fees authorized by section 1921."). And although a plaintiff may seek a waiver rather than use a process server, that is a permissive decision.[5] It cannot be said therefore that Plaintiff's decision to employ a process server, rather than seek a waiver, was *per se* unreasonable regardless of whether judicial notice is taken as to a function of Rule 4(d).

Not all of Plaintiff's costs for service of process however will be awarded. Upon review of the invoices submitted by Plaintiff, she has failed to provide an explanation demonstrating why it was necessary or reasonable for the provider to bill a "second address fee" for service on Defendant Richard Mallin. The service invoice (Dkt. 31-1, p. 13) lists only one address for this Defendant. And

---

[4] Invoice #257889 indicates two services of process were made on Defendant Richard Mallin, totaling $100.00. (Dkt. 31-1, p. 13).

[5] "The plaintiff *may* notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." FED. R. CIV. P. 4(d)(1) (emphasis added).

Plaintiff has failed to provide sufficient detail to verify this cost and therefore it will not be awarded. *See Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)) ("Failure to provide sufficient detail or 'supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs.'"). For the remaining costs of service of process, I find that Plaintiff is entitled to the $100.00 in costs of the service of process under §§ 1920 and 1921.[6]

And as to Plaintiff's request for reimbursement of "U.S.P.S. Priority Mail Postage," Plaintiff has failed to provide an explanation for why these costs were reasonable. Therefore, her request is denied. *See Barnes*, 168 F.3d at 428 (reasonable expenses are recoverable).

Accordingly, Plaintiff is entitled to an award of costs in the amount of $500.00.

**Conclusion**

Based on the foregoing, Plaintiff's Amended Verified Application for Attorneys' Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law Against Defendants (Dkt. 31) is **GRANTED** to the extent that Plaintiff is awarded $8,365.00 in attorney's fees, $480.00 in expert fees, and $500.00 in costs, for a total award of $9,345.00. The Clerk is directed to enter judgment awarding Plaintiff's attorney's fees and costs as set forth above.

**DONE AND ORDERED** this 28th day of February, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[6] The United States Marshal's fee for serving a summons is $65.00 an hour for in-person service, "plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).